# First National Bank of Lock Haven v. Emil Peltz, Appellant.

*Promissory notes—Banks—Declaration of president of bank—Release of indorser.*

In an action by a bank against the second indorser of a promissory note, the defendant alleged that he had been indemnified against his liability on the note by a judgment against K., the prior indorser, and that he had satisfied that judgment on the procurement of the plaintiff bank. In support of this allegation he testified that he met the president of the bank in a hotel in Lock Haven and said to him: "Well, K. didn't pay the note?" and that the president replied, "The matter is arranged." *Held*, (1) that there was nothing in the statement made by the president to justify the inference that he meant to assert that the note was paid; (2) that a judgment and verdict for the plaintiff should be sustained.

Argued May 3, 1898. Appeal, No. 424, Jan. T., 1897, by defendant, from judgment of C. P. Potter Co., Dec. T., 1894, No. 291, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a promissory note. Before MORRISON, J.

At the trial it appeared that the note in suit was made by John W. Buck, payable to Charles Kreamer, and indorsed by Kreamer, first, and then by the defendant. Defendant alleged that he had been indemnified against liability by a judgment against Kreamer, and that he had satisfied the judgment on the procurement of the plaintiff whereby he lost his security. In support of this allegation, the defendant testified that he happened to meet Mr. Johnson, the president of the plaintiff bank, at a hotel in the city of Lock Haven, and said to him : " Well, Kreamer didn't pay the note ? " and that Johnson replied, " The matter is arranged."

The court charged as follows :

[We do not think there is anything to submit to the jury in this case.] [1] The view we take of this case renders it unnecessary that we should answer all these points in the order in which they are drawn. It is undisputed that the defendant was the indorser on the note in suit ; that it was regularly protested, and that he became liable for its payment, but he has set up or attempted to set up certain facts to excuse himself, or to estop the bank, more properly speaking, from collecting the note from him. We have allowed, we think with great liberality, the admission of all the evidence tending to bear upon that question of estoppel, and after it is all in it then becomes a question for us to say whether it is sufficient to submit to the jury to ascertain whether the bank is estopped from pursuing Mr. Peltz. Our best judgment is quite clear it is not. It, therefore, becomes our duty to withdraw the evidence from your consideration that is introduced for the purpose of estopping the plaintiff from procuring judgment or a verdict against Mr. Peltz. [We may also say in this connection that we do not discover any evidence of payment that would justify us in submitting that question to the jury. On the contrary, the evidence is quite clear and quite conclusive that there was no payment whatever

upon this note except the $101.01 that was standing in the bank to the credit of Mr. Buck, the maker of the note, which the plaintiff admits should be credited upon the note.] [2]

Plaintiff's points and the answers thereto were among others as follows:

4. Even if the jury should believe that Mr. Johnson made the statement to Mr. Peltz which Mr. Peltz alleges, there is no evidence that Mr. Johnson had any authority to bind or prejudice its interests, and the declaration of Mr. Johnson, if made and acted on by Mr. Peltz, would not relieve the defendant from his liability on this note. *Answer :* We answer this point in the affirmative. [4]

5. The note and indorsement having been proved, and being uncontradicted, and the defendant having shown no legal defense, the plaintiff is entitled to recover the face of the note, with interest, less the $101.01 standing to the credit of John W. Buck, the maker of the note in suit, at maturity. *Answer :* We answer this in the affirmative. We are quite clear that this national bank could not be injured or prejudiced if the jury even should find that Mr. Johnson, its president, in a hotel in Lock Haven, said, in answer to a statement of Mr. Peltz. It is not a question by Mr. Peltz, but it is a statement of Mr. Peltz—I will give it to you in his own language, " I says to him, ' Well Mr. Kraemer didn't pay the note,' and he says ' The matter is arranged.' " [3]

Now if that is true, we do not think the First National Bank of Lock Haven could be prejudiced or injured by any such statement as that. It was the duty of Mr. Peltz to go to the bank and inquire of the officers in the bank who had charge of that business. If he had found Mr. Johnson in the bank and he had asked him if that note was paid, and he had said it was, it would undoubtedly have bound the bank. But it did not occur in that way. [5]

Verdict and judgment for plaintiff for $5,068.68. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*H. C. Dornan* and *John Ormond*, for appellant.—The effect of oral words is not for the court, but for the jury: Sidwell v.

Evans, 1 P. & W. 383; Maynes v. Atwater, 88 Pa. 496; Forrest v. Nelson, 108 Pa. 488; McFarland v. Newman, 9 Watts, 59; Brubaker v. Okeson, 36 Pa. 519.

The declarations of the cashier or president, made in the course of the business of a bank, or pertinent thereto, are admissible against the bank: Morse on Banks & Banking, sec. 170; Bank v. Klingensmith, 7 Watts, 523; Cochecho National Bank v. Haskell, 12 Am. Rep. 72; Spalding v. Bank, 9 Pa. 28; 1 Randolph on Commercial Paper, 520; Merchants' Bank v. Rudolf, 5 Neb. 527; Grant v. Cropsey, 8 Neb. 205; Merchants' Bank v. State Bank, 10 Wall. 604; Bissell v. Bank of Franklin, 69 Pa. 415; Baker v. Briggs, 8 Pick. 131.

*W. I. Lewis*, of *Larrabee & Lewis*, with him *C. G. Furst*, for appellee.—The giving of a judgment or other security by the maker or a prior indorser does not discharge a subsequent indorser: First Nat. Bank v. Peltz, 176 Pa. 513.

Declarations of the officers of a bank, unauthorized by the directors, do not bind the bank: Stewart v. Huntingdon Bank, 11 S. & R. 267; Mapes v. Second Nat. Bank of Titusville, 80 Pa. 163; Taylor v. Hutton, 43 Barbour, 195.

PER CURIAM, May 16, 1898:

All the facts necessary to show defendant's liability and make a prima facie case in favor of the plaintiff bank, viz: the making, indorsement, dishonor, etc., of the note in suit, were established by the undisputed evidence; and hence there was no error in directing the jury to render a verdict in its favor, unless the defense, interposed by defendant and based upon the alleged conversation between him and the president of the plaintiff bank, was sufficient to estop the latter, or otherwise prevent a recovery. The learned trial judge thought it was not; and in that we think he was clearly right. Referring, in that part of his charge quoted in the third specification, to the conversation aforesaid, he substantially held that the plaintiff bank could not be injured or prejudiced by anything that occurred in said conversation. He might have added, that this is true whether the conversation occurred in the bank or elsewhere. Assuming that Johnson, the president of the bank, in answer to defendant, said: " The matter is arranged," that does not justify the infer

ence that he meant to assert that the note was paid. He was not asked to say, nor did he say, how "the matter" was "arranged."

There is nothing in either of the specifications that requires further discussion. They are all overruled and the judgment is affirmed.